UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>DIEGO ALFREDO MONTANEZ,<br><br>                                    Defendant. | Case No.:  17CR1228-JLS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF No. 184]** |

Pending before the Court is Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Plaintiff has filed a response in opposition to Defendant's motion, and Defendant has submitted a reply and supplemental reply. Having carefully considered these submissions and the authorities presented, the Court will deny Defendant's motion.

**Background**

In 2018, Defendant Montanez pled guilty to conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant was subsequently sentenced to a term of 78 months' imprisonment and 5 years of supervised release. Defendant is currently serving his sentence at FCI Victorville Medium II; he has served

approximately 8 months of his sentence and has a projected release date of September 9, 2025.

**Analysis**

Defendant Montanez moves the Court for an order modifying his sentence to permit him to serve the remainder of his sentence on supervise release with a condition of home confinement. Defendant maintains that his health conditions, combined with the conditions within the correctional institution during the COVID-19 pandemic, present extraordinary and compelling grounds for relief under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Defendant's motion and contends that Defendant has not identified extraordinary and compelling reasons justifying a sentence reduction. The Government also contends that Defendant has not met his burden of demonstrating that a reduction is warranted in light of the danger that he would pose to the community and the relevant 18 U.S.C. § 3553(a) factors.

The First Step Act (FSA), enacted in 2018, contains a provision which allows defendants to petition district courts directly for compassionate release. Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the FSA, the court may reduce a term of imprisonment "…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier..." In this case, it is not entirely clear whether Defendant has satisfied the exhaustion requirement because he was moved to FCI Victorville Medium II after he filed his motion. However, more than 30 days have elapsed since Defendant first submitted a request for compassionate release to the warden of the Nevada Southern Detention Center, where he was previously housed. ECF No. 184-4. Thus, the Court finds it appropriate to conclude that the exhaustion requirement has been satisfied for the purposes of this Order.

2

17CR1228-JLS

Relief is warranted under Section 3582(c)(1)(A) if, after consideration of the factors set forth in section 3553(a), the court finds that:

1. Extraordinary and compelling reasons warrant such a reduction; or

2. The defendant is at least 70 years of age, has served at least 30 years in prison, … and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community; and

3. Such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statements issued by the Sentencing Commission are set forth in U.S. Sentencing Guideline §1B1.13. This Guideline, which has not been amended since the enactment of the FSA, still requires that a reduction in a term of imprisonment be based upon a motion of the Director of the Bureau of Prisons. Otherwise, the Guideline largely tracks the statutory language of Section 3582(c)(1)(A) and provides that the court may reduce a term of imprisonment if it determines that extraordinary or compelling reasons warrant the reduction, or the defendant is a least 70 years old and has served at least 30 years in prison. The Court must also find that the defendant is not a danger to the community and that the reduction is "consistent with this policy statement." USSG §1B1.13(2) and (3). Defendant Montanez, who is not over the age of 70 and has not served at least 30 years in prison, proceeds under the "extraordinary or compelling reasons" provision.

The Commentary to Guideline §1B1.13 indicates that extraordinary and compelling reasons exist under several defined circumstances, including the medical condition of the defendant. Under this category, extraordinary and compelling reasons may exist if the defendant is "suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13, App. Note 1(A)(ii)(I).

In this case, Defendant Montanez, who is 38 years of age, notes that he has a body mass index of 30.9 and thus is clinically obese. He indicates that he has been informed by medical staff on several occasions that he has high blood pressure. In addition, Defendant reports a history of respiratory issues including childhood asthma and chronic sinusitis based on his allergies. In terms of COVID-19 susceptibility, Defendant contends that the risk posed by these health factors are aggravated the conditions at FCI Victorville Medium II.[1]

The Government responds that Defendant's motion should be denied because he has failed to meet his burden of demonstrating "extraordinary and compelling reasons" warranting release for a sentence reduction. The Government argues that borderline obesity and ordinary hypertension are not extraordinary and points out that Defendant's medical records do not support his claim of hypertension. The Government further contends that public safety and Section 3553(a) factors do not support Defendant's release given that he has served only eight months of his 78-month sentence.

The Court has carefully considered the parties' arguments, as well as the medical records that have been submitted, and agrees with the Government's position that Defendant has not demonstrated that he suffers from any serious physical or mental condition—or combination of conditions—which substantially diminishes his ability to provide self-care within the facility or would render him particularly vulnerable to severe illness from COVID-19. While there is no doubt that institutionalized settings place individuals at increased risk of transmittable diseases, the Court cannot authorize a sentence reduction unless a defendant's medical condition presents a risk so severe that Defendant is unable to provide self-care and from which he cannot be expected to recover. *See* USSG § 1B1.13, App. Note 1(A)(ii)(I) and (II). The "mere existence of COVID-19 in

---

[1] When Defendant filed his supplemental motion, he indicated that at least fifty inmates and twenty staff members have tested positive for COVID-19 at FCI Victorville Medium II. At this time, there are 3 inmates and 2 staff members testing positive. Federal Bureau of Prisons, "COVID-19 Coronavirus," https://www.bop.gov/coronavirus/ (last accessed November 9, 2020).

society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020).

Although the Centers for Disease Control and Prevention ("CDC") identifies obesity as a COVID-19 risk factor,[2] Defendant's BMI of 30.9 places him at the lowest end of the 30-40 BMI obesity range identified by the CDC. As has been noted by other courts, "BMI is a notoriously blunt tool with "clinical limitations," including its inability to differentiate between excess fat, muscle, and bone mass." *United States v. Tranter*, ___ F.Supp.3d ___, 2020 WL 3841268 at *3 (citation omitted) (N.D. Ind. July 8, 2020). Defendant Montanez is 38 years of age, well below the age category considered to be particularly at risk from COVID-19, and presents no other documented current medical condition which places him at a significantly higher risk of severe illness from COVID-19. Although Defendant contends that he suffers from hypertension, this condition is not reflected in his medical records and the Court has been provided with no evidence indicating that any incidents of hypertension have been severe or are not being controlled. To the contrary, on May 29, 2020, Defendant refused a medical history evaluation and physical exam, stating that he has no physical issues. ECF No. 184-6 at 26. In view of the evidence presented, the Court is not persuaded that Defendant's medical condition falls within the parameters required for compassionate release. Defendant appears to be receiving treatment for any existing complaints and appears to be able to provide self-care for any existing conditions. Thus, the Court concludes that Defendant's current medical condition does not present an extraordinary and compelling basis for relief under Section 3582(c)(1).

---

[2] Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed November 9, 2020).

Furthermore, the Court is not persuaded that Defendant's release would be consistent with the factors set forth in 18 U.S.C. § 3553(a). Defendant, a former State of California Correctional Peace Officer, abused a position of trust and facilitated the smuggling of significant quantities of contraband into a state prison. Release after serving only 8 months of a 78-month sentence would create unwarranted sentence disparities and fail to reflect the seriousness of the offense or afford adequate deterrence to criminal conduct. Thus, the Court finds that early release in this instance is not consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).

## Conclusion

For the reason set forth above, Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

IT IS SO ORDERED.

Dated: November 12, 2020

Hon. Janis L. Sammartino
United States District Judge